IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT COURT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,                           No. 2:11-CR-441-KJM

   vs.

JEFFREY HOWARD HUNT,

        Defendant.                   <u>ORDER</u>

_____/

        Defendant seeks reconsideration of the magistrate judge's June 7, 2013 denial of defendant's motion for discovery. (ECFs 35, 37.) Specifically, defendant seeks reconsideration of the decision denying defendant access to "the IRS civil administrative file and the notes, communications, and other records, relating to the Fraud Technical Advisor." (ECF 37 at 3.) Defendant seeks this discovery to bolster his motion to suppress. (*Id.* at 5.) As provided by Local Rule 303(f), a magistrate judge's order shall be upheld unless "clearly erroneous or contrary to law." For the reasons below, defendant's motion is DENIED.

        The magistrate judge concluded defendant was not entitled to discovery of the files of the IRS Fraud Technical Advisors ("FTAs") who worked on defendant's case. (ECF 35 at 4.) The magistrate judge noted that the government represented it would turn over any materials within the FTA's files that are exculpatory under *Brady v. Maryland*, 373 U.S. 83

1

1 (1963) or otherwise discoverable under Federal Rule of Criminal Procedure 16.  (*Id.*)  The
2 magistrate judge concluded that the FTA files were not discoverable because "mere contact
3 between the revenue agent and the fraud technical advisors does not itself appear to be
4 information that is in anyway [sic] 'exculpatory.'"  (*Id.* (citing *United States v. Knight*, 898
5 F.2d 436 (5th Cir. 1990)).)

6       Defendant argues the magistrate judge's ruling is clearly erroneous or contrary
7 to law for three reasons.  First, the magistrate judge's reliance on *Knight* was misplaced
8 because that case did not deal with discovery issues.  (ECF 47 at 4.)  Second, the court in
9 *United States v. Insoo Kim*, No. CR 10–00171 RS, 2010 WL 3490228 (N.D. Cal. Sep. 3, 2010),
10 granted a defendant's similar discovery request relating to FTA files.  (*Id.* at 5.)  Third, the
11 Ninth Circuit held in *United States v. Muniz-Jaquez*, 718 F.3d 1180 (9th Cir. 2013), that Rule
12 16 is broader than *Brady* as it requires disclosure of all documents material to preparing the
13 defense.

14       Defendant's arguments are unavailing.  First, *Knight* did not consider discovery
15 issues; however, as the magistrate judge noted, that case stands for the proposition that contact
16 between a civil investigating revenue agent ("RA") and an FTA alone is not sufficient to make
17 out a Fourth Amendment violation through "fraud, trickery, and deceit."  898 F.2d at 438.
18 Because mere contact is not a Fourth Amendment violation, the *Knight* court held, suppression
19 of evidence related to those contacts was not warranted.  *Id.*  The magistrate judge similarly
20 concluded that defendant's argument, that such contacts existed in the instant case, did not
21 alone suggest exculpatory evidence existed in the FTA files such that the files are discoverable
22 under *Brady*.  (ECF 35 at 4.)

23       Second, this court does not find that *Kim* articulates a rule broadly applicable
24 here.  In that case, the court held effectively that, given plaintiff's broad discovery request, the
25 FTA files in that case were discoverable; in so doing, it overruled the government's objection
26 that the files were privileged under Rule 16(a)(2).  2010 WL 3490228, at *8.  Rule 16 does not
27 authorize the discovery of any information whatsoever, so long as it is not privileged; rather, it
28 authorizes discovery of certain specifically enumerated information.  Most relevant here is

information, when requested by a defendant, that is in the government's possession and "material to preparing the defense." FED. R. CRIM. P. 16(a)(1)(E)(i). The United States Supreme Court has held that materials sought for reasons unrelated to responding to the government's case in chief are not material to preparing the defense. *United States v. Armstrong*, 517 U.S. 456, 462 (1996) (employing shield and sword metaphor in denying defendant's discovery request for information relating to his selective prosecution claim because that claim, a "sword" claim, is challenging the prosecution's conduct of the case); *see also United States v. Chon*, 210 F.3d 990, 995 (9th Cir. 2000) (citing *Armstrong*, denying discovery request to bolster "sword claims" not relevant to defending against government's case in chief on theft and conversion). Defendant here seeks the FTA files to bolster his motion to suppress, which is the kind of "sword" that does not entitle him to the discovery he seeks.

Third, that Rule 16 is broader than *Brady* is immaterial here. *Muniz-Jaquez* does not compel a different result. In that case, the court overturned a district court's denial of a defendant's discovery request relating to defense of the government's case in chief. 718 F.3d at 1184. The court found the materials the defendant sought would permit him to assess the reliability of a government agent as a testifying witness and were relevant to the defendant's "official restraint defense." *Id.* Here, defendant does not argue the FTA files are relevant to his defense of the two counts of tax evasion contained in the indictment; rather, the files may demonstrate the government violated his Fourth Amendment rights while investigating him. Defendant has not shown how such government conduct, even if established, is relevant to any defense of the government's case. Nor has he demonstrated that discovery of the FTA files is authorized by any discovery provision other than Rule 16 or *Brady*.

Because the magistrate judge's order is not clearly erroneous or contrary to law, defendant's motion for reconsideration is DENIED.

IT IS SO ORDERED.

DATED: September 17, 2013.

UNITED STATES DISTRICT JUDGE